# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DENIS RIVERA,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:14CV00573 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **SGT J. B. DICKENSON, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

This prisoner civil rights case under 42 U.S.C. § 1983 comes before me on the Report and Recommendation of the Honorable Pamela Meade Sargent, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). The Report states proposed findings of fact, conclusions of law, and recommended disposition, based on evidence presented during a bench trial on November 5, 2015. After review of the Report and several subsequent submissions from the pro se plaintiff, Denis Rivera, a Virginia prison inmate, I will accept the Report without alteration and enter judgment for Rivera for damages of $500 as recommended in the Report.

I.

Rivera's Amended Complaint, among other things, alleged that two Red Onion State Prison correctional officers, defendants J.B. Dickenson and S. Patrick, used excessive force against him on December 28, 2012, and that defendant Nurse

S. Scott was deliberately indifferent to serious medical needs when he failed to provide treatment for Rivera's resulting injuries. As relief, Rivera demanded termination of employment for Dickenson, Patrick, and Scott; a transfer away from Red Onion; nominal damages of $500; compensatory damages of $15,000; punitive damages of $5,000; and costs.

I granted summary judgment in favor of Scott. *Rivera v. Dickenson*, No. 7:14CV00573, 2015 WL 5565273, at *6 (W.D. Va. Sept. 21, 2015). Specifically, I found that Rivera's disagreement with Scott's examination and treatment decisions was essentially a claim of negligence that is not actionable under § 1983. *Id.* I denied summary judgment, however, on Rivera's claim that Dickenson and Patrick used excessive force against him. *Id.* at *2. I expressly found that the parties' differing factual accounts presented

> genuine issues of material fact in dispute as to Rivera's behavior, the officers' observations, the degree of threat the officers reasonably could have perceived from the circumstances, the need for force, the relationship between the need for force and the amount of force applied, and the extent of Rivera's injuries from the incident.

*Id.*

The Report summarizes the trial evidence and finds that the defendants Dickenson and Patrick used unnecessary and, therefore, excessive force against Rivera by striking him in the head and pushing him to the floor of his cell for no reason. The Report finds no persuasive evidence, however, "that the defendants

-2-

repeatedly kicked, punched and kneed [Rivera] while he was lying on the ground, in that the minor physical injuries observed by Scott [who testified at trial] do not support such a beating." (Report 25, ECF No. 110.)

The Report also finds that as a result of the defendants' use of excessive force on December 28, 2012, "Rivera suffered fairly minor injuries of a knot on his head, an abrasion above his right eye and some eventual bruising on his right eye and cheekbone area." (*Id.*) The Report finds that these injuries had resolved by January 10, 2013, when Dr. Miller examined Rivera and made no mention of them. (*Id.*) The Report finds that while "Rivera likely suffered some discomfort caused by these injuries," he did not prove that the December 28, 2012, "incident or his injuries have resulted in the continuing pain or the emotional problems that he claims." (*Id.* at 25-26.) Specifically, the Report finds that Rivera failed to present "any medical evidence that his continuing problems with headaches or his right eye were *caused* by the defendants' use of excessive force on him." (*Id.* at 25 (emphasis added).)

## II.

The magistrate judge makes only a recommendation to this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The district judge is charged with making a de novo determination of those portions of the report and recommendation to which a party makes proper objections. 28 U.S.C. § 636(b)(1). The district judge

Case 7:14-cv-00573-JPJ-PMS   Document 120   Filed 05/09/16   Page 3 of 10   Pageid#: 1937

"may accept, reject, or modify, in whole or in part, the findings or recommendations," "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(3).

Although the district court may give a magistrate judge's proposed findings and conclusions "such weight as [their] merit commands and the sound discretion of the judge warrants," the authority and the responsibility to make an informed final determination of these matters remains with the district judge. *United States v. Raddatz*, 447 U.S. 667, 682-83 (1980) (internal quotation marks and citation omitted). Therefore, in performing a de novo review, the district judge must exercise "his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." *Wimmer v. Cook*, 774 F.2d 68, 76 (4th Cir. 1985).

A party objecting to the magistrate judge's findings must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "General objections that merely reiterate arguments presented to the magistrate judge lack the specificity required under Rule 72, and have the same effect as a failure to object, or as a waiver of such objection." *Moon v. BWX Techs., Inc.*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd in part, vacated in part*, 498 F. App'x

-4-

268 (4th Cir. 2012) (unpublished). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation marks and citation omitted).

The defendants have not filed any objections to the Report and Recommendation. Rivera has filed a pleading titled "Objection to Proposed Findings and Recommendations." (ECF No. 112.)

Specifically, Rivera objects to the Report's statement on Page 5 that his informal complaint dated January 3, 2013, "makes no reference to video recordings or preserving video recordings." (Report 5, ECF No. 110.) In fact, as Rivera points out, this informal complaint states: "I want the video from this date check[ed] and to be save[d] for future investigation." (Pl.'s Ex. 10, ECF No. 98-10.)

For the most part, however, despite the title of his pleading, Rivera does not make specific objections to particular findings in the Report. He largely reasserts his testimony about the kind of force the defendants allegedly used and Nurse Scott's alleged misrepresentation of the injuries Rivera allegedly suffered and points to particular documentation and testimony already considered in the Report. Rivera also submits a new affidavit and new documentation about his medical

Case 7:14-cv-00573-JPJ-PMS   Document 120   Filed 05/09/16   Page 5 of 10   Pageid#: 1939

complaints since December 28, 2012.  He also resubmits affidavits from other inmates stating that they viewed his injuries, heard his medical complaints, or witnessed acts of retaliation from the defendants.  In closing, Rivera asks the court to "compensate Plaintiff with everything Plaintiff has requested for."  (Obj. 12, ECF No. 112.)

Despite the general nature of Rivera's objections, I liberally construe his submissions as objecting to the Report's factual findings regarding the nature of the force the defendants used and the extent of the injuries caused by their actions. I also construe Rivera's submissions as objecting to the amount of damages awarded as being insufficient to compensate him for his pain, suffering, and expenses, related to the ongoing medical conditions he blames on the December 2012 incident.  In light of these objections, I have made de novo review of these portions of the Report, the transcript of the trial testimony, and Rivera's many exhibits — those submitted at trial and those attached to his recent pleadings, many of which were also submitted at trial.

I do not find any factual basis in Rivera's submissions to reject or alter the factual findings of the Report concerning either the amount or type of force used by Dickenson and Patrick or the resulting injuries.  The declaration Rivera now presents from Inmate Gorham (ECF No. 113-1), who allegedly witnessed the defendants elbowing, kneeing, and punching Rivera and grabbing him by the neck,

Case 7:14-cv-00573-JPJ-PMS   Document 120   Filed 05/09/16   Page 6 of 10   Pageid#: 1940

is inadmissible hearsay at this stage of the proceedings. Rivera did not request this inmate as a witness for the trial to allow counsel for the defendants to cross examine Gorham's testimony. Rivera also offers no admissible medical evidence showing that the events of December 28, 2012, caused his allegedly ongoing problems with headaches, worsening vision, or eye twitching.

Rivera also continues to complain about the unavailability of video footage and photographs of his injuries taken that day. During the trial and in the Report, Judge Sargent acknowledged that Rivera had made timely requests for preservation of the video of the incident and the photographs of his injuries and that officials failed to preserve them without adequate explanation. I find that the Report gives this issue appropriate consideration and weight in reaching its factual conclusions about the incident on December 28, 2012, and its recommendation for judgment in Rivera's favor.

In summary, I find no factual or legal basis in Rivera's post-trial submissions to support alteration of any of the Report's factual findings or conclusions of law concerning the defendants' actions and Rivera's injuries on December 28, 2012, or rejection of the Report's recommendation for Judgment in Rivera's favor. Accordingly, I will overrule Rivera's objections and accept the Report.

III.

Rivera has also filed additional evidence and argument in support of a Motion for Reconsideration (ECF No. 118) of my decision granting summary judgment for defendant Scott. Rivera asks me to reverse this ruling, reinstate his claim against Scott, and grant judgment in his favor as to this defendant. For the reasons stated in my earlier opinion, I find no genuine issue of material fact in dispute for trial. Therefore, I will deny Rivera's motion.

IV.

In addition, Rivera has filed a motion titled "Prohibitory/Permanent Injunction" (ECF No. 116). He alleges that on April 5, 2016, defendant Patrick came to escort Rivera to the shower and laughingly told another officer that Rivera "had taken him to court for beating [his] ass up . . . ." (Mot. 2.) When Rivera asked Patrick what he had said, Patrick allegedly stated: "Turn[] around and get handcuff[ed] and I will show you what I said." (*Id.*) Rivera became fearful of leaving his cell and declined the shower.

At trial, Rivera presented evidence of encounters with the defendants after December 28, 2012, that Rivera characterized as retaliatory. He now asserts that the April 5 incident with Officer Patrick is additional evidence that this defendant (and other Red Onion officers) are likely to harm Rivera in retaliation for bringing this lawsuit. Accordingly, Rivera asks for a court order directing that: (1)

Dickenson and Patrick are not to be assigned to work near Rivera and (2) whenever officers remove Rivera from his cell, the procedure must be videoed.

I cannot find that any injunctive relief is warranted here. First, no claim of retaliation was before the court for trial, as the only claim to survive summary judgment was excessive force. Therefore, the Report properly makes no factual finding on this issue and does not recommend granting any permanent injunctive relief related to the claim litigated in this action. Second, Rivera's conclusory assertions of retaliation and his speculative fear that the defendants might harm him because of this lawsuit are not sufficient basis for any interlocutory injunctive relief, pending his possible litigation of a retaliation claim. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (requiring that party seeking preliminary injunction make clear showing of likelihood to succeed on merits and likelihood of future "irreparable harm in the absence of preliminary relief," among other things)

V.

Upon de novo review of the portions of the Report and Recommendation that have been objected to, and upon review of the plaintiff's post-trial submissions, it is **ORDERED** as follows:

1.  The plaintiff's motions (ECF Nos. 115 and 119) seeking consideration of additional evidence in support of his claims are GRANTED;

2.    The plaintiff's objections to the Report and Recommendation are OVERRULED;

3.    The Report and Recommendation (ECF No. 110) is ACCEPTED;

4.    A separate judgment will be entered in favor of the plaintiff in the amount of $500;

5.    The plaintiff's "Motion for Reconsideration" (ECF No. 118) is DENIED; and

6.    The plaintiff's motion (ECF No. 116) seeking injunctive relief is DENIED.

ENTER:   May 9, 2016

/s/  James P. Jones
United States District Judge